THOMAS E. KENT, ESQ. (SBN107238)
LAW OFFICES OF THOMAS E. KENT
2600 W OLIVE AVENUE, 5TH FLOOR
BURBANK, CA 91505
Telephone: (818) 679-6714
Facsimile: (818) 396-8851
Email: tekesq@gmail.com

Attorneys for Debtor and Debtor In Possession,
Rio Rancho Super Mall, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

In Re:

RIO RANCHO SUPER MALL, LLC.,

Debtor.

Case No.: 6:11-bk-16835-CB

Chapter 11
*Assigned to Hon. Catherine E. Bauer*

**DECLARATION OF STEVE GLUSKER REPRESENTATIVE OF BFG COMPANY IN SUPPORT OF DEBTOR'S MOTION FOR ORDERS DETERMINING VALUE OF PROPERTY AND PRIORITY OF LIENS**

**Date: September 13, 2011**
**Time: 2:00 p.m.**
**Ctrm: 303**

## DECLARATION OF STEVE GLUSKER

I, Steve Glusker, declare:

1. I am an officer and the managing member of BFG Company ("BFG") a creditor in this Chapter 11 case. In such capacity, I am personally familiar with the loans made by BFG to Rio Rancho Super Mall, LLC, the Debtor and Debtor and Debtor In Possession ("Rio Rancho").

2. Each of the facts stated in this declaration are personally known to me and if required to do so I could and would competently testify thereto.

3. I make Declaration in support of the Debtor's Motion for Orders Determining Value of Property and Priority of Liens ("Motion").

4. On August 23, 2011 a hearing occurred in this Court on the Motion. At such time the Court requested additional evidence as to the validity and amount of the lien claim of BFG against the real property owned by the Debtor at 25073 and 25211 Sunnymead Boulevard, Moreno Valley, California 92553 ("Property").

5. Attached hereto as **Exhibit "1"** and incorporated herein is a true and correct copy of the Deed of Trust recorded against the Property in favor of BFG. This Deed of Trust was recorded to secure a loan made to the Debtor by BFG.

6. The principal balance due to BFG from the Debtor and its principal/guarantors as of the date of fling of this Chapter 11 case (March 2, 2011) was $1,100,000.00. The total interest accrued as of March 2, 2011 was $1,026.793.66 with daily interest accrual at $537.61.

7. It is BFG's understanding that it holds a fourth position deed of trust against the Property.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT AND THAT THIS DECLARATION WAS EXECUTED THIS 13th DAY OF SEPTEMBER, 2011 AT LOS ANGELES, CALIFORNIA.

STEVE GLUSKER

# Exhibit “1”

RECORDING REQUESTED BY
FIRST AMERICAN TITLE COMPANY
NATIONAL/COMMERCIAL SERVICES
COMMERCIAL/INDUSTRIAL DIVISION
DB-1000-37

WHEN RECORDED MAIL TO:
Steve Glusker
Pacific Properties Group, Inc.
12100 Wilshire Blvd., Suite 1025
Los Angeles, CA 90025

4025

DOC # 2008-0561275
10/20/2008 08:00A Fee:41.00
Page 1 of 8
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

| S | R | U | PAGE | SIZE | DA | MISC | LONG | RFD | COPY |
|---|---|---|---|---|---|---|---|---|---|
| 2 | | | 8 | | 1 | | | | |
| M | A | L | 465 | 426 | PCOR | NCOR | SMF | NCHG | EXAM |
| | | | | | T: | | CTY | UNI | 025 |

41

T 025

# DEED OF TRUST WITH ASSIGNMENT OF RENTS
(SHORT FORM)

**This DEED OF TRUST**, made October 16, 2008 between RIO RANCHO SUPER MALL, LLC, a California limited liability company, herein called TRUSTOR, whose address is 25211 Sunnymead Boulevard, Moreno Valley, CA.

FIRST AMERICAN TITLE INSURANCE COMPANY, a California corporation, herein called TRUSTEE, and BFG COMPANY, a California general partnership, herein called BENEFICIARY,

WITNESSETH: That Trustor grants to Trustee in trust, with power of sale, that property in the City of Moreno Valley, County of Riverside, State of California, described as:

SEE RIDER "A" ATTACHED

together with the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits for the purpose of securing (1) payment of the sum of $1,100,000 with interest thereon according to the terms of a promissory note or notes of even date herewith made by Trustor, payable to order of Beneficiary, and extensions or renewals thereof, (2) the performance of each agreement of Trustor incorporated by reference or contained herein and (3) payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

To protect the security of this Deed of Trust, and with respect to the property above described, Trustor expressly makes each and all of the agreements, and adopts and agrees to perform and be bound by each and all of the terms and provisions set forth in subdivision A, and it is mutually agreed that each and all of the terms and provisions set forth in subdivision B of the fictitious deed of trust recorded in Orange County August 17, 1964, and in all other counties August 18, 1964, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, namely:

THIS INSTRUMENT FILED FOR RECORD BY FIRST AMERICAN TITLE COMPANY AS AN ACCOMMODATION ONLY IT HAS NOT BEEN EXAMINED AS TO ITS EXECUTION OR AS TO ITS EFFECT UPON THE TITLE.

1567709.1
99903-00011

(CONTINUED ON NEXT PAGE)

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 1288 | 556 | Kings | 858 | 713 | Placer | 1028 | 379 | Sierra | 38 | 187 |
| Alpine | 3 | 130-31 | Lake | 437 | 110 | Plumas | 166 | 1307 | Siskiyou | 506 | 762 |
| Amador | 133 | 438 | Lassen | 192 | 367 | Riverside | 3778 | 347 | Solano | 1287 | 621 |
| Butte | 1330 | 513 | Los Angeles | T-3878 | 874 | Sacramento | 5039 | 124 | Sonoma | 2067 | 427 |
| Calaveras | 185 | 338 | Madera | 911 | 136 | San Benito | 300 | 405 | Stanislaus | 1970 | 56 |
| Colusa | 323 | 391 | Marin | 1849 | 122 | San Bernardino | 6213 | 768 | Sutter | 655 | 585 |
| Contra Costa | 4684 | 1 | Mariposa | 90 | 453 | San Francisco | A-804 | 596 | Tehama | 457 | 183 |
| Del Norte | 101 | 549 | Mendocino | 667 | 99 | San Joaquin | 2855 | 283 | Trinity | 108 | 595 |
| El Dorado | 704 | 635 | Merced | 1660 | 753 | San Luis Obispo | 1311 | 137 | Tulare | 2530 | 108 |
| Fresno | 5052 | 623 | Modoc | 191 | 93 | San Mateo | 4778 | 175 | Tuolumne | 177 | 160 |
| Glenn | 469 | 76 | Mono | 69 | 302 | Santa Barbara | 2065 | 881 | Ventura | 2607 | 237 |
| Humboldt | 801 | 83 | Monterey | 357 | 239 | Santa Clara | 6626 | 664 | Yolo | 769 | 16 |
| Imperial | 1189 | 701 | Napa | 704 | 742 | Santa Cruz | 1638 | 607 | Yuba | 398 | 693 |
| Inyo | 165 | 672 | Nevada | 363 | 94 | Shasta | 800 | 633 | | | |
| Kern | 3756 | 690 | Orange | 7182 | 18 | San Diego | SERIES 5 Book 1964, Page 149774 | | | | |

shall inure to and bind the parties hereto, with respect to the property above described. Said agreements, terms and provisions contained in said subdivisions A and B, (identical in all counties, and printed on pages 3 and 4 hereof) are by the within reference thereto, incorporated herein and made a part of this Deed of Trust for all purposes as fully as if set forth at length herein, and Beneficiary may charge for a statement regarding the obligation secured hereby, provided the charge therefor does not exceed the maximum allowed by law.

The undersigned Trustor, requests that a copy of any notice of default and any notice of sale hereunder be mailed to him at his address hereinbefore set forth.

RIO RANCHO SUPER MALL, LLC

By: [signature]
Manager Eric Sangyul Kim

STATE OF CALIFORNIA }
}ss
COUNTY OF Los Angeles }

On October 16, 2008 before me, A G Fyffe, Notary Public (here insert name and title of the officer), personally appeared Eric Sangyul Kim personally known to me ( or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/~~are~~ subscribed to the within instrument and acknowledged to me that he/~~she/they~~ executed the same in his/~~her/their~~ authorized capacity(ies), and that by his/~~her/their~~ signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature See attached acknowledgment

(This area for official notarial seal)

1567709.1
99903-00011

(CONTINUED ON NEXT PAGE)

# CALIFORNIA ALL-PURPOSE CERTIFICATE OF ACKNOWLEDGMENT

State of California

County of Los Angeles

On 10/16/08 before me, A. G. Fyffe Notary Public,
(Here insert name and title of the officer)

personally appeared Eric Sangyul Kim,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/~~are~~ subscribed to the within instrument and acknowledged to me that he/~~she~~/~~they~~ executed the same in his/~~her~~/~~their~~ authorized capacity(ies), and that by his/~~her~~/~~their~~ signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

[signature]

Signature of Notary Public

(Notary Seal)

A. G. FYFFE
Commission # 1810171
Notary Public - California
Los Angeles County
My Comm. Expires Aug 19, 2012

## ADDITIONAL OPTIONAL INFORMATION

**DESCRIPTION OF THE ATTACHED DOCUMENT**

DOT w/Assnt of Rents
(Title or description of attached document)

25211 Sunnymead Blvd.
(Title or description of attached document continued)

Number of Pages 5 Document Date 10/16/08

(Additional information)

**CAPACITY CLAIMED BY THE SIGNER**

- ☐ Individual (s)
- ☐ Corporate Officer

  ______________ (Title)
- ☐ Partner(s)
- ☐ Attorney-in-Fact
- ☐ Trustee(s)
- ☐ Other ______________

**INSTRUCTIONS FOR COMPLETING THIS FORM**

*Any acknowledgment completed in California must contain verbiage exactly as appears above in the notary section or a separate acknowledgment form must be properly completed and attached to that document. The only exception is if a document is to be recorded outside of California. In such instances, any alternative acknowledgment verbiage as may be printed on such a document so long as the verbiage does not require the notary to do something that is illegal for a notary in California (i.e. certifying the authorized capacity of the signer). Please check the document carefully for proper notarial wording and attach this form if required.*

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/~~they~~, is /~~are~~ ) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  - ❖ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  - ❖ Indicate title or type of attached document, number of pages and date.
  - ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document

# CALIFORNIA NOTARY/ILLEGIBLE NOTARY SEAL/ILLEGIBLE DOCUMENT 3-IN-ONE FORM

**STATE OF CALIFORNIA** }SS
**COUNTY OF ______________** }SS

On________ before me,______________________NOTARY PUBLIC_____, personally appeared ______________________, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or entity upon behalf of which the person(s) acted, executed the instrument. I CERTIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF ________THAT THE FOREGOING IS TRUE AND CORRECT.

WITNESS my hand and official seal

Signature ______________________ (This area for official notary seal)

## GOVERNMENT CODE 27361.7

I certify under penalty of perjury that the Notary Seal on the document to which this statement is attached reads as follows:

NAME OF NOTARY: A. G. Fyffe
DATE COMMISSION EXPIRES: Aug 19, 2012
COUNTY WHERE BOND IS FILED: Los Angeles County
COMMISSION NUMBER: 1810171

PLACE OF EXECUTION: RUSD DATE: 10 / 20 / 2008
SIGNATURE: R Espinoza

I certify under penalty of perjury under the laws of the State of California that the illegible portion of this document to which this statement is attached reads as follows: ATTACHED FOR CLARITY

A.G. Fyffe

PLACE OF EXECUTION: RUSD DATE: 10 / 20 / 2008
SIGNATURE OF DECLARANT R Espinoza

**DO NOT RECORD**

The following is a copy of Subdivisions A and B of the fictitious Deed of Trust recorded in each county in California as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as if set forth at length therein.

A. To protect the security of this Deed of Trust, Trustor agrees:

1) To keep said property in good condition and repair, not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor, to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon, not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

2) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

4) To pay; at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may; make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

B. It is mutually agreed:

1) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such monies received by him in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

2) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

3) That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon, or join in any extension agreement or any agreement subordinating the lien or charge hereof.

4) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention or other disposition as Trustee in its sole discretion may choose and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The Grantee in such reconveyance may be described as "the person or persons legally entitled thereto".

5) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues, and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

6) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.



**(CONTINUED ON NEXT PAGE)**

After deducting all costs, fees and expenses of Trustee and of this Trust, including costs of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

7) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

8) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

9) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

**DO NOT RECORD**

REQUEST FOR FULL RECONVEYANCE

TO FIRST AMERICAN TITLE INSURANCE COMPANY, TRUSTEE:

The undersigned is the legal owner and holder of the note or notes, and of all other indebtedness secured by the foregoing Deed of Trust. Said note or notes, together with all other indebtedness secured by said Deed of Trust, have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel said note or notes above mentioned, and all other evidences of indebtedness secured by said Deed of Trust delivered to you herewith, together with the said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, all the estate now held by you under the same.

Dated ______________________

______________________

______________________

Please mail Deed of Trust,
Note and Reconveyance to ______________________

**Do Not lose or destroy this Deed of Trust OR THE NOTE which it secures. Both must be delivered to the Trustee for cancellation before reconveyance will be made.**

**DEED OF TRUST**
WITH POWER OF SALE

*First American Title Insurance Company*
TRUSTEE

1567709.1
99903-00011

**RIDER "A"**
**TO October 16, 2008 DEED OF TRUST**

PARCEL 1:

THOSE PORTIONS OF LOT 3 IN BLOCK 42, AS PER MAP NO. 1 OF BEAR VALLEY AND ALESSANDRO DEVELOPMENT COMPANY, RECORDED IN BOOK 11, PAGE 10 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAN BERNARDINO COUNTY, CALIFORNIA AND LOT 4 PARCEL MAP NO. 19975, PER MAP FILED IN BOOK 124 OF PARCEL MAPS, AT PAGES 96 AND 97, IN THE OFFICE OF THE COUNTY RECORDER OF RIVERSIDE COUNTY, CALIFORNIA, LYING WITHIN THE FOLLOWING DESCRIBED PARCEL:

BEGINNING AT THE INTERSECTION OF THE EAST LINE OF SAID LOT 3 WITH A LINE THAT IS PARALLEL WITH AND 30.00 FEET, MEASURED AT RIGHT ANGLES, SOUTHERLY OF THE NORTH LINE OF SAID LOT 3, SAID NORTH LINE ALSO BEING THE SOUTH LINE OF GREVILLEA AVENUE, 80.00 FEET WIDE, AS SHOWN ON SAID MAP NO. 1 OF BEAR VALLEY AND ALESSANDRO DEVELOPMENT COMPANY;
THENCE SOUTH 00° 01' 51" WEST ON SAID EAST LINE 590.21 FEET TO THE SOUTHEAST CORNER OF SAID LOT 3;
THENCE NORTH 89° 58' 17" WEST ON THE SOUTH LINE OF SAID LOT 3, 287.17 FEET;
THENCE NORTH 00° 02' 20" EAST 23.00 FEET;
THENCE NORTH 89° 58' 17" WEST, 132.91 FEET;
THENCE NORTH 00° 02' 20" EAST 268.07 FEET;
THENCE NORTH 45° 02' 20" WEST 21.21 FEET;
THENCE NORTH 00° 02' 20" EAST 188.57 FEET;
THENCE NORTH 45° 02' 20" EAST 21.21 FEET;
THENCE NORTH 00° 02' 20" EAST 39.57 FEET TO A POINT IN THE NORTHERLY LINE OF SAID LOT 4, PARCEL MAP NO. 19975, THAT IS DISTANT ALONG SAID NORTHERLY LINE NORTH 89° 58' 15" WEST 94.18 FEET FROM THE NORTHEAST CORNER OF SAID LOT 4;
THENCE SOUTH 89° 58' 15" EAST ON SAID NORTHERLY LINE 94.18 FEET TO SAID NORTHEAST CORNER;
THENCE NORTH 00° 02' 20" EAST ON THE EAST LINE OF SAID PARCEL MAP 41.00 FEET TO THE AFOREMENTIONED PARALLEL LINE;
THENCE SOUTH 89° 58' 15" EAST ON SAID PARALLEL LINE 325.81 FEET TO THE POINT OF BEGINNING.

EXCEPT ALL MINERALS, OIL, GASES AND OTHER HYDROCARBONS BY WHATSOEVER NAME KNOWN THAT MAY BE WITHIN OR UNDER THE PARCEL OF LAND HEREINABOVE DESCRIBED WITHOUT HOWEVER, THE RIGHT TO DRILL, DIG OR MINE THROUGH THE SURFACE THEREOF, AS RESERVED BY THE STATE OF CALIFORNIA IN DEED RECORDED DECEMBER 10, 1963 IN BOOK 3553 PAGE 446 OFFICIAL RECORDS.

PARCEL 2:

THOSE PORTIONS OF LOT 3 IN BLOCK 42, AS PER MAP NO. 1 OF BEAR VALLEY AND ALESSANDRO DEVELOPMENT COMPANY, RECORDED IN BOOK 11, PAGE 10 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAN BERNARDINO COUNTY, CALIFORNIA AND LOT 4 PARCEL MAP NO, 19975 PER MAP FILED IN BOOK 124 OF PARCEL MAPS, AT PAGES 96 AND 97, IN THE OFFICE OF THE COUNTY RECORDER OF RIVERSIDE COUNTY, CALIFORNIA, LYING WITHIN THE FOLLOWING DESCRIBED PARCEL:

BEGINNING AT A POINT IN THE NORTHERLY LINE OF SAID LOT 4 THAT IS DISTANT ALONG SAID NORTHERLY LINE NORTH 89° 58' 15" WEST 94.18 FEET FROM THE NORTHEAST CORNER OF SAID LOT 4;
THENCE NORTH 89° 58' 15" WEST ON SAID NORTHERLY LINE, SAID NORTHERLY LINE ALSO BEING THE SOUTHERLY LINE OF SUNNYMEAD BOULEVARD, 88.00 FEET WIDE, AS SHOWN ON SAID PARCEL MAP, 72.18 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE

SOUTHERLY, HAVING A RADIUS OF 416.00 FEET;
THENCE ON SAID CURVE THROUGH A CENTRAL ANGLE OF 19° 32' 34", 141.89 FEET TO A POINT OF REVERSE CURVE CONCAVE NORTHERLY HAVING A RADIUS OF 504.00 FEET, A RADIAL LINE OF SAID REVERSE CURVE AT SAID POINT BEARS SOUTH 19° 30' 49" EAST;
THENCE ON SAID REVERSE CURVE THROUGH A CENTRAL ANGLE OF 10° 04' 00", 88.55 FEET TO THE NORTHEAST CORNER OF LOT 5, PARCEL MAP NO. 19975;
THENCE ON THE GENERAL WESTERLY LINE OF SAID LOT 4 THE FOLLOWING COURSES:

SOUTH 00° 02' 20" WEST 121.42 FEET;
NORTH 89° 57' 40" WEST 83.06 FEET;
SOUTH 00° 02' 20" WEST 136.28 FEET AND SOUTH 51° 57' 40" EAST 122.22 FEET TO THE WESTERLY TERMINUS OF THAT CERTAIN COURSE IN SAID GENERAL WESTERLY LINE HAVING A BEARING OF NORTH 89° 57' 40" WEST, 75.63 FEET;
THENCE ON SAID COURSE AND ITS EASTERLY EXTENSION SOUTH 89° 57' 40" EAST 200.00 FEET;
THENCE SOUTH 50° 13' 40" EAST 89.33 FEET;
THENCE SOUTH 00° 02' 20" WEST 113.00 FEET TO THE SOUTHERLY LINE OF SAID LOT 4;
THENCE SOUTH 89° 58' 17" EAST ON SAID SOUTH LINE AND THE SOUTH LINE OF THE AFOREMENTIONED LOT 3, 147.91 FEET TO A POINT IN SAID SOUTH LINE OF LOT 3 IN BLOCK 42 THAT IS DISTANT ALONG SAID SOUTH LINE NORTH 89° 58' 17" WEST 287.17 FEET FROM THE SOUTHEAST CORNER OF SAID LOT 3 IN BLOCK 42;
THENCE NORTH 00° 02' 20" EAST 23.00 FEET;
THENCE NORTH 89° 58' 17" WEST 132.91 FEET;
THENCE NORTH 00° 02' 20" EAST 268.07 FEET;
THENCE NORTH 45° 02' 20" WEST 21.21 FEET;
THENCE NORTH 00° 02' 20" EAST 188.57 FEET;
THENCE NORTH 45° 02' 20" EAST 21.21 FEET;
THENCE NORTH 00° 02' 20" EAST 39.57 FEET TO THE POINT OF BEGINNING.

PARCEL 3:

A NON-EXCLUSIVE EASEMENT FOR INSTALLATION, OPERATION, MAINTENANCE, REPAIR, REMOVAL AND REPLACEMENT OF A CONCRETE WALL, UPON, OVER AND UNDER THE FOLLOWING DESCRIBED PROPERTY:

THAT PORTION OF THE WESTERLY 144.00 FEET OF LOT 2 IN BLOCK 42 OF MAP NO. 1 OF BEAR VALLEY AND ALESSANDRO DEVELOPMENT COMPANY, IN THE COUNTY OF RIVERSIDE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 11, PAGE 10, OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAN BERNARDINO COUNTY, CALIFORNIA.

EXCEPTING THEREFROM ANY PORTION THEREOF INCLUDED IN GREVILLAS AVENUE AS SHOWN ON SAID MAP.

ALSO EXCEPTING THEREFROM THE PORTION THEREOF GRANTED TO THE STATE OF CALIFORNIA BY DEED RECORDED MAY 19, 1955 IN BOOK 1740, PAGE 468, OFFICIAL RECORDS.

MORE PARTICULARLY DESCRIBED AS FOLLOWS:

THE WESTERLY 0.50 FEET OF SAID PARCEL AS MEASURED PERPENDICULAR TO THE WESTERLY PROPERTY LINE.

This must be in red to be a
"CERTIFIED COPY"

I hereby certify the foregoing instrument to which this stamp has been affixed consisting of 8 pages to be a full, true and correct copy of the original on file and of record in my office.

Larry W Ward

Assessor - County Clerk - Recorder

County of Riverside, State of California

Dated: SEP 1 2 2011

ASSESSOR · COUNTY CLERK · RECORDER
ACR
RIVERSIDE COUNTY, CALIFORNIA

Certification must be in red to be a
"CERTIFIED COPY"

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
2600 W Olive Ave, 5th Floor, Burbank, CA 91505

A true and correct copy of the foregoing document described as ***DECLARATION OF STEVE GLUSKER REPRESENTATIVE OF BFG COMPANY IN SUPPORT OF DEBTOR'S MOTION FOR ORDERS DETERMINING VALUE OF PROPERTY AND PRIORITY OF LIENS*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ***September 13, 2011***, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- John H Choi johnchoi@kpcylaw.com
- Christine M Fitzgerald cfitzgerald@scckg.com, nnarag@scckg.com;cbenson@scckg.com
- Barry R Gore bgore@scckg.com, nnarag@scckg.com;cbeson@scckg.com
- Everett L Green everett.l.green@usdoj.gov
- Thomas E Kent tekesq@gmail.com
- Steve J Kim stevejwkim@gmail.com
- William W Kim william@parkandlim.com
- John Park jparkatty@sbcglobal.net
- Martha E Romero Romero@mromerolawfirm.com
- United States Trustee (RS) ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On ***September 13, 2011***, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 13, 2011**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**Via Facsimile: (951) 276-6973**
UNITED STATES TRUSTEE
Everett L Green, Esq.
Office of U.S. Trustee
3685 Main Street, Suite 300
Riverside, CA 92501

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 13, 2011 | Melissa Wilner | /s/ Melissa Wilner |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

| | |
|---|---|
| Via Federal Express<br>U.S. BANKRUPTCY JUDGE<br>HONORABLE CATHERINE E. BAUER<br>BANKRUPTCY JUDGE<br>3420 Twelfth Street, Ctrm 303<br>Riverside, CA 92501-3819 | |
| Via U.S. Mail<br><br>UNITED STATES TRUSTEE<br>Everett L Green, Esq.<br>Office of U.S. Trustee<br>3685 Main Street, Suite 300<br>Riverside, CA 92501 | Attorney for Butterfield Valley Partners<br>c/o Ryan Stearns, Esq.<br>Stearns Kim & Stearns<br>3424 Carson Street, Suite 670<br>Torrance, CA 90503 |
| Attorney for Wilshire State Bank<br>John H. Choi, Esq.<br>Kim, Park, Choi & Yi<br>3435 Wilshire Blvd. Suite 1720<br>Los Angeles, CA 90010-2003 | REQUEST FOR SPECIAL NOTICE<br>Attorney for Butterfield Valley Partners<br>c/o Christine M. Fitzgerald, Esq.<br>Smith Campbell Clifford Kearney Gore<br>3424 Carson St., Ste. 350<br>Torrance, CA 90503 |
| Attorney for Pacific City Bank<br>Troy Ahn, Esq.<br>3600 Wilshire Blvd. #432<br>Los Angeles, CA 90010 | Attorney for Butterfield Valley Partners<br>c/o Barry Gore, Esq.<br>Smith Campbell Clifford Kearney Gore<br>3424 Carson St., Ste. 350<br>Torrance, CA 90503 |
| Attorney for Saehan Bank<br>c/o William W. Kim, Esq.<br>c/o Heesok Park, Esq.<br>Park & Lim<br>3435 Wilshire Blvd. #2920<br>Los Angeles, CA 90010 | Attorney for BFG Company<br>Norman Levine, Esq.<br>Greenberg Glusker Fields Claman &<br>Machtinger<br>1900 Avenue of the Stars,.21st Floor<br>Los Angeles, California 90067 |
| UNSECURED CREDITORS<br>Attorney for Lamar Advertising<br>Badger Law Office<br>5005 La Mark Drive #101<br>Riverside, CA 92507 | Attorney for Riverside County Treasurer-Tax<br>c/o Martha Romero<br>Romero Law Firm<br>BMR Professional Bldg<br>6516 Bright Ave.<br>Whittier, CA 90601 |